IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL W. JENKINS**, | Case No. 2:16-cv-01534-SB |
| Petitioner, | **ORDER** |
| v. | |
| **JOHN MYRICK**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on January 22, 2019. ECF 38. Magistrate Judge Beckerman recommended that the Court deny Petitioner's Petition for Writ of Habeas Corpus (ECF 2), dismiss this proceeding with prejudice, and decline to issue a Certificate of Appealability.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner filed an objection. ECF 46. Petitioner raises seven objections, in ordered list form, without additional developed argumentation. Specifically, he takes issue with Judge Beckerman's conclusions that: (1) he could have raised his constitutional claims in his state court appeals, (2) it was not excusably futile to do so, (3) Petitioner failed to present his constitutional claims to the Oregon Supreme Court, (4) there was a state procedural rule that adequately supported the denial of habeas relief and that rule is not unclear, inconsistently applied, or not well established, (5) Petitioners claims are independently barred by Or. Rev. Stat. § 34.330, (6) habeas relief is precluded, and (7) the Petition should be dismissed with prejudice and the Court should not issue a Certificate of Appealability.

Petitioner does not contest that he failed to raise his federal constitutional claims before the state appellate court and the Oregon Supreme Court. ECF 28 at 4. Petitioner provides no support for the proposition that he could not continue to raise his federal constitutional claims in the state appellate courts because the state trial court dismissed his case on procedural grounds. Those claims are therefore procedurally defaulted. The Court has reviewed *Parker v. Hill*, 2010 WL 330263 (D. Or. Jan. 21, 2010), which Petitioner relies on, and concludes that Judge Beckerman's reading of the case as providing no support for Petitioner's argument is the correct reading of the case. In the Ninth Circuit, futility may excuse exhaustion requirements, but it provides no basis for excusing a procedural default. *Smith v. Baldwin*, 510 F.3d 1127, 1138-39 (9th Cir. 2007). Although Petitioner's claims are procedurally defaulted, Judge Beckerman also considered Respondent's alternative argument that federal habeas relief is precluded by an adequate and independent state rule. The Court agrees with Judge Beckerman that Petitioner failed to seek judicial review of the order of the Oregon Board of Parole and Post-Prison Supervision, and thus under Or. Rev. Stat §§ 34.310 and 34.330(4) he is barred from prosecuting a writ of habeas corpus challenging the consequences of that order. *See Parker*, 2010 WL 330263, at *7; *Templeton v. Coursey*, 2017 WL 627431, at *3 (D. Or. Feb. 14, 2017) .

The Court has reviewed *de novo* those portions of Magistrate Judge Beckerman's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's brief and supplemental brief in support of his Petition and Respondent's response and supplemental response to the Petition. The Court agrees with Magistrate Judge Beckerman's reasoning regarding both the procedural default of Petitioner's claims and the adequate state law grounds supporting the state court's decision and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation, ECF 38. The Petition for Writ of Habeas Corpus is DENIED and the case is DISMISSED with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 2nd day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge